THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOWHEAD OPERATIONS & MAINTENANCE SOLUTIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ENDURANCE AMERICAN INSURANCE CO., *et al.*, <br><br> Defendants. | CASE NO. C21-0909-JCC <br><br> ORDER |

This matter comes before the Court on Defendants' motion to transfer venue (Dkt. No. 20.) Having thoroughly considered the parties' briefing and the relevant record, and finding oral argument unnecessary, the Court hereby DENIES the motion for the reasons explained below.

I.   **BACKGROUND**

Plaintiff Bowhead Operations & Maintenance Solutions, LLC ("Bowhead") is a federal defense contractor and a subsidiary of UIC Government Services, LLC ("UIC"). (Dkt. No. 20 at 2–3.) Bowhead is a named insured on a Comprehensive Marine Liability policy ("Primary Policy") providing coverage from March 1, 2020 to March 1, 2021, and issued by Endurance American Insurance Co. ("Endurance") and U.S. Specialty Insurance Co. ("U.S. Speciality").

ORDER
C21-0909-JCC
PAGE - 1

(Dkt. No. 1-2 at 5.)

Bowhead contracted with the Navy to provide services at a Hawaiian naval base and operate Navy vessels in Hawaiian waters ("Navy contract"). (Dkt. No. 20 at 2.) On July 29, 2020, Bowhead's employees ran one such Navy vessel aground, causing significant damage to the vessel. (*Id.* at 4.) Bowhead notified Endurance and U.S. Specialty of its claim for insurance benefits. (Dkt. Nos. 1-2 at 6, 20 at 5.) On January 19, 2021, Endurance and U.S. Specialty sent a letter to UIC advising that they "have been unable to find coverage for the incident" and asking UIC "on what basis they believe there is coverage." (Dkt. Nos. 1-2 at 7, 20 at 5.)[1]

Plaintiff filed suit in King County Superior Court, alleging breach of contract, bad faith, and other causes of action under Washington law. (Dkt. No. 1-2.) Defendants removed the suit to this Court. (Dkt. No. 1.) Defendants now move to transfer venue to the United States District Court for the District of Hawaii, arguing that transfer is necessary for the interest of justice and for the convenience of the parties and the witnesses. (Dkt. No. 20.)

## II.   DISCUSSION

### A.  Legal Standard

For the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil matter to any district where the action might have been brought. 28 U.S.C. § 1404(a). A motion for transfer lies within the broad discretion of the district court and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). To prevail, the movant must show that (1) the action "might have been brought" in the transferee district; and (2) the transfer would be for the convenience of parties and witnesses, in the interest of justice. *See Authentify Pat. Co., LLC v. StrikeForce Techs., Inc.*, 39 F. Supp. 3d 1135, 1148 (W.D. Wash. 2014). In evaluating such a motion, the Court must balance

---

[1] The parties dispute whether this letter constitutes a denial letter. (*See* Dkt. Nos. 1-2 at 7, 20 at 5.)

competing public and private interest factors to determine if transfer is appropriate. *Id.* These factors include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99.

### B. Convenience and Interest of Justice Under § 1404(a)

On balance and as described below, the relevant[2] factors weigh against transfer to the District of Hawaii.

#### 1. Location where Relevant Agreements were Negotiated and Executed

The parties do not dispute that the Primary Policy is a relevant agreement. (Dkt. Nos. 20 at 10, 33 at 8.)[3] Negotiations for this policy occurred virtually from various locations, both in and outside of Washington, and it was executed in New York and Washington. (Dkt. Nos. 20 at 11, 33 at 8, 35 at 7.) Thus, this factor does not weigh in favor of transfer. *See Ahead, LLC v. KASC, Inc.*, 2013 WL 1747765, slip op. at 9 (W.D. Wash. 2013) (stating that this factor is "neutral . . . when parties negotiate and execute a contract in multiple locations."). Thus, this factor is neutral.

#### 2. State Most Familiar with Governing Law

Although the parties dispute what law governs this case, (Dkt. No. 20 at 11-12, 33 at 9), this factor is irrelevant because "federal courts are equally equipped to apply distant state laws

---

[2] Because the Court determines transfer is inappropriate based on the relevant factors, *see discussion infra*, it declines to analyze whether this action could have been brought in Hawaii.

[3] Defendants argue that the Navy contract is also a relevant agreement. (Dkt. No. 20 at 10.) Even if this were true, Defendants have not demonstrated why the Navy Contract is *more important* to this case than the insurance policy. *See T-Mobile USA, Inc. v. Selective Ins. Co. of America*, 2016 WL 1464468, slip op. at 3 (W.D. Wash. 2016) (finding factor favored transfer where non-movant pointed to additional relevant agreements but failed to show why those agreements were more important than the policy).

when the applicable law is not complex." *Weyerhaeuser Co. v. AIG Property Casualty, Inc.*, 2021 WL 1575364, slip op. at 5 (W.D. Wash. 2021) (finding this factor neutral where dispute was about insurance coverage, a common dispute resolved by federal courts). This case is, as the parties agree, not complex. (*See* Dkt. No. 16, at 10.) This factor is also neutral.

### 3. Plaintiff's Choice of Forum

Defendants contend that Bowhead's choice of forum should be given less weight because Washington is not Plaintiff's residence and "none of the operative events in this case occurred in Washington." (Dkt. No. 20 at 13.) Although it is true that Bowhead is not a Washington resident (*see* Dkt. No. 1-2 at 1), the Court finds Defendants' argument that no operative events occurred in Washington to be unpersuasive when the insurance policies were negotiated and executed, at least in part, in Washington. A plaintiff's choice of forum is afforded significant deference. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.")). Defendants have not made a "strong showing of inconvenience" sufficient to disturb Bowhead's choice of forum. Thus, this factor weighs against transfer.

### 4. Respective Parties' Contacts with the Forum

This factor considers the parties' contacts with the current and potential forum. *T-Mobile USA, Inc. v. Selective Ins. Co. of America*, 2016 WL 1464468, slip op. at 5 (W.D. Wash. 2016). Defendants argue that the parties' contacts are stronger in Hawaii because Defendants are authorized foreign insurers and do business in Hawaii and because the "subject matter" of this dispute occurred in Hawaii. (Dkt. No. 20 at 14.) But, as they concede, Defendants are also foreign insurers authorized to do business in Washington. (*Id.*) More importantly, although Bowhead's operations under the Navy contract and the accident occurred in Hawaii, Defendants mischaracterize Hawaii as the focus of this dispute. Rather, this dispute centers on the insurance policies and their negotiation, underwriting, and issuance.(*See generally* Dkt. Nos. 1-2, 28.) Bowhead's insurance broker is in Washington. (Dkt. Nos. 29 at 2, 30 at 2, 31 at 3.) Bowhead's

representatives regularly travel to Washington. (*See* Dkt. No. 31 at 3.) Both Endurance and Specialty have offices in Washington. (*See* Dkt. Nos. 22 at 2, 30 at 2.) Because Defendants' contacts are not stronger in one venue than another, this factor is neutral.

### 5. Plaintiff's Contacts in the Chosen Forum

Defendants reiterate their position that the contacts relating to Bowhead's claims are in Hawaii because this dispute relates to Bowhead's activities in Hawaii under the Navy contract. (Dkt. No. 20 at 14.) But for insurance coverage disputes, only policy-related contacts are relevant. *See Weyerhaeuser*, 2021 WL 1575364, slip op. at 7 (stating that the facts related to underlying accident "have minimal relevance to the instant insurance dispute"). Therefore, this factor weighs against transfer.

### 6. Litigation Costs

This factor concerns the forum's relative proximity to the witnesses. *Weyerhaeuser Co.*, 2021 WL 1575364, slip op. at 8 (W.D. Wash. 2021). Plaintiff identifies seven relevant witnesses, at least six of which appear to be based in Washington.[4] (Dkt. No. 33 at 4.) Defendants, on the other hand, merely assert that the "bulk of the witnesses are in Hawaii" and references Navy personnel, shipyard employees, and Bowhead employees. (Dkt. No. 20 at 15.) But such broad assertions are insufficient to carry its burden of showing that transfer would reduce rather than merely shift costs. *See T-Mobile*, 2016 WL 1464468, slip op. at 6 (finding factor weighed against transfer where the defendant did not identify any specific witnesses). Accordingly, this factor weighs against transfer.

### 7. Availability of Compulsory Process

The availability of compulsory process favors transfer only if the proposed venue has the ability to subpoena more non-party witnesses than the current venue. *Lifelast, Inc. v. Charter Oak Fire Ins. Co.*, 2014 WL 4925493, slip op. at 7 (W.D. Wash. 2014). However, as previously

---

[4] Plaintiff states in its opposition that it "identified seven witnesses in Washington" under the mistaken understanding that Larry Montgomery, Defendants' surveyor, is based in Washington. (Dkt. No. 33 at 4.) Mr. Montgomery resides and works in Hawaii. (Dkt. No. 25 at 2.)

stated, Defendants have not named specific witnesses, let alone any non-party witnesses who would be unwilling to testify. *See id.* (finding that this factor weighed against transfer because movant failed to offer evidence of any witness who would be unwilling to testify in proposed venue). This factor weighs against transfer.

### 8. Ease of Access to Sources of Proof

Defendants argue that the primary sources of proof—the ship, shipyard, Naval base, and Navy personnel—are all located in Hawaii. (Dkt. No. 20 at 17.) Plaintiff counter that more material witnesses are located in Washington than any other state, whereas almost no material witnesses are located in Hawaii. (*See* Dkt. Nos. 21-2, 33 at 16.) Again, the Court finds that more relevant witnesses are in Washington, not Hawaii.

Documentary evidence and records can be obtained electronically. *See Lifelast*, 2014 WL 4925493, slip op. at 8 ("Where documentary evidence can be produced electronically, this factor does not support transfer absent some unique difficulty."). The only potential source of physical proof that Defendants identify in Hawaii is the ship itself. (Dkt. No. 20 at 17.) But, again, the Court is not convinced that examination of the ship is relevant to the current policy interpretation dispute. *See id.* (emphasizing that the focus is on the materiality and importance of the ancticipated evidence). This factor therefore weighs against transfer.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to transfer venue to the District of Hawaii (Dkt. No. 20) is DENIED.

DATED this 9th day of March 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE