THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOWHEAD OPERATIONS & MAINTENANCE SOLUTIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>ENDURANCE AMERICAN INSURANCE CO., *et al.*,<br><br>Defendants. | CASE NO. C21-0909-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' motion for partial summary judgment. (Dkt. No. 67.) Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained below.

I.   **BACKGROUND**

The Court stated the facts of this case in a prior order, (*see* Dkt. No. 58 at 1–3), and will not restate them here. In that same order, the Court held that Alaska law governs the Parties' insurance coverage dispute. (*Id*. at 4–9.) Now, Defendants move for summary judgement on Plaintiff's extracontractual claims asserted under Washington law. (Dkt. No. 67.)

## II. DISCUSSION

### A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts in the light most favorable to the nonmoving party and draw justifiable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990). The facts relied on must be admissible under rules governing admission of evidence generally. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir. 1990). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### B. Discussion

Plaintiff seeks relief in part based on Washington's bad faith common law (Second Claim), Washington's Consumer Protection Act (Third Claim), and Washington's Insurance Fair Conduct Act (Fourth Claim). (Dkt. No. 1-2 at 8–10.) Defendants argue that Washington law does not apply to this dispute, and therefore all the Washington extracontractual claims should be dismissed. (*See* Dkt. No. 67.)

This Court, sitting in diversity, applies Washington's choice-of-law rules. *See Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1005 (9th Cir. 2001). Those rules provide that the Court must engage in a conflict-of-laws analysis if an actual conflict exists between the laws or

interests of Washington and the laws or interests of another state. *Erwin v. Cotter Health Centers*, 167 P.3d 1112, 1120 (Wash. 2007). When a conflict exists, and the parties do not preselect the law to govern an issue,[1] Washington's choice of law rules direct courts to determine which state has the "most significant relationship" to a given issue, based on the factors outlined in Restatement (Second) of Conflict of Laws § 6 (1971) (hereinafter "Restatement"). *See Singh v. Edwards Lifesciences Corp.*, 210 P.3d 337, 340 (Wash. Ct. App. 2009) (citing *Johnson v. Spider Staging Corp.*, 555 P.2d 997, 1000 (Wash. 1976)).

Here, the Court finds that an actual conflict exists between Washington and Alaska law for all of Plaintiff's extracontractual claims. (Dkt. No. 67 at 8–11.) Therefore, the Court will consider the following factors to determine which jurisdiction has the most significant relationship to the extracontractual claims: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Id*. (citing *Johnson*, 555 P.2d 997 at 1000).

The place where the injury occurred is the states of Alaska or Virginia, *but not* Washington. That is because "[l]ogically, when an insurance company acts in bad faith or violates IFCA or CPA, its insured will experience that injury where the insured is located." *MKB Constructors v. American Zurich Ins. Co.*, 49 F. Supp. 3d 814, 833 (W.D. Wash. 2014). Plaintiff (the insured) is incorporated in the state of Alaska and has a principal office in Virginia. (Dkt. No. 1-2 at 1.) Plaintiff's parent company is also headquartered in Alaska. (*Id*.) Thus, the Court concludes that the place where the injury occurred in this case is in either Alaska (where the insured is incorporated) or Virginia (where the insured does business). Alaska, though, has a substantial interest in deterring bad faith conduct on the part of carriers towards Alaska insureds—an interest that Virginia would not share in this case. *See MKB Constructors*, 49 F.

---

[1] The contract at issue does not contain a choice of law provision. (*See* Dkt. No. 42-1)

ORDER
C21-0909-JCC
PAGE - 3

Supp. 3d at 833. Thus, although the Court concludes that some aspects of the injury are located in both Alaska and Virginia, due to Alaska's interest in protecting Alaska's insureds from bad faith conduct, this factor weighs in favor of Alaska.

According to the facts before the Court, the place where the conduct caused the alleged injury to occur is New York, because this is where Defendants' claims manager, Mark Froggitt, issued the "Denial Letter" central to Plaintiff's claims. (Dkt. No. 1-2 at 7.)  Plaintiff responds that this letter was "clearly cobbled together by multiple individuals, to judge from the patchwork of multiple font sizes within it, and it seems likely that at least some of it was authorized [] in Washington. Again, we do not know for sure[.]" (Dkt. No. 72 at 20.) Plaintiff also alleges that "most of the conduct that caused [their] injury took place in Washington." (*Id* at 19.) But Plaintiff provides no specific facts supporting this assertion. Although the Court resolves facts in favor of the non-moving party, the Court need not accept conclusory statements unsubstantiated by factual support, such as the ones made by Plaintiff here, and "missing facts" will not be "presumed." *Lujan*, 497 U.S. at 888–89. Therefore, the Court concludes that this factor weighs in favor of New York.

The next factor— the domicile, residence, nationality, place of incorporation and place of business of the parties—weighs in favor of Alaska, New York, Delaware, Virginia and Texas— but not Washington. That is because Plaintiff is incorporated in Alaska with a principal place of business in Virginia, (Dkt. No. 1-2 at 2), and Defendants are incorporated in Delaware and Texas with principal places of business in New York and Texas. (Dkt. No. 49 at 10.) Notably, Plaintiff is not registered to do business in Washington, (Dkt. No. 37 at 2), which belies its conclusory assertion that Washington is the center of business between the parties. Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify facts which show a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 323–325. Plaintiff's conclusory claims do not pass muster. Moreover, in its prior order, the Court held that the state of Alaska had the most significant relationship to the insurance policy in the contract at issue. (Dkt Nos. 49 at 7; 58.) The Court also

found that neither the Plaintiff nor its parent company are incorporated in or have a principal place of business in Washington. (*Id*. at 12.) The Plaintiff's extracontractual claims arise out of this same policy, and "the policy implications of the choice of law for [the insured's] tort claims are consistent with the analysis for the choice of law of the contract claims." *Milgard Mfg., Inc. v. Illinois Union Ins. Co.*, 2011 WL 3298912, slip op. at 8 (W.D. Wash. 2011). Therefore, the Court finds that this factor, and the center of the parties' relationship factor, both weigh in favor of Alaska.

Overall, three of the relevant factors weigh in favor of applying Alaska law, while one is neutral. Thus, the balance of factors indicate that Alaska has the most significant relationship to Plaintiff's claim for extracontractual damages. *See Singh*, 210 P.3d at 340–41. Moreover, even if the factors were spread-out across multiple states (none being Washington), Alaska has a strong public policy and governmental interest in enforcing its rules against those whose conduct within its borders merits the imposition of such sanctions, whereas many of the other states mentioned do not have a readily discernable interest in protecting such entities in *this* case. Therefore, the Court finds the balance thus tips in favor of applying Alaska law for the Plaintiff's extracontractual claims. *See Singh*, 210 P.3d at 340–41.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (Dkt. No. 67) is GRANTED. Plaintiff's extracontractual claims asserted under Washington law are DISMISSED.

DATED this 6th day of April 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE