THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOWHEAD OPERATIONS & MAINTENANCE SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ENDURANCE AMERICAN INSURANCE CO., *et al.*,<br><br>Defendants. | CASE NO. C21-0909-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to compel production of documents. (Dkt. No. 77.) Having thoroughly considered the briefing and the relevant record, and finding oral argument unnecessary, the Court hereby DENIES the motion for the reasons explained below.

I.   **BACKGROUND**

The Court stated the facts of this case in a prior order, (*see* Dkt. No. 58 at 1–3), and will not restate them here. In that same order, the Court held that Alaska law governs the Parties' insurance coverage dispute. (*Id.* at 4–9.) In a subsequent order, the Court granted Defendants' summary judgement motion on the grounds that Alaska has the most significant relationship to Plaintiff's claims for extracontractual damages, and the Court dismissed all extracontractual

 

claims asserted under Washington law. (*See generally* Dkt. No. 76.) Now, Plaintiff moves to compel the production of all communications and other documents in Defendants' claims file(s) that were generated on or before January 19, 2021, over Defendants' assertion of attorney-client privilege. (Dkt. No. 77.)

## II.  DISCUSSION

### A.  Legal Standard

The Court strongly disfavors discovery motions and prefers that parties resolve such disputes on their own. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If a party inappropriately withholds or fails to answer a discovery request, the requesting party may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(1); *David v. Hooker, Ltd.*, 560 F.2d 412, 418 (9th Cir. 1977). On a motion to compel, the movant must demonstrate that "the information it seeks is relevant and that the responding party's objections lack merit." *Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383, 390 (W.D. Wash. 2017). The Court has broad discretion to decide whether to compel disclosure of discovery. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

### B.  Attorney-Client Privilege

This Court, sitting in diversity, applies state law to claims of attorney-client privilege. *See Lexington Ins. Co. v. Swanson*, 240 F.R.D. 662, 666 (W.D. Wash. 2007). Here, the parties dispute whether the Court should apply Washington or California law. (*Compare* Dkt. No. 77 at 9, *with* Dkt. No. 80 at 9.) The Court need not resolve this dispute because Plaintiff's argument rests on an unsuccessful attempt to apply Washington's bad faith insurance exception to privilege. (Dkt. No. 77 at 13–15.)

In Washington, the "attorney-client privilege applies to communications and advice between an attorney and client and extends to documents which contain a privileged

communication." *Pappas v. Holloway*, 787 P.2d 30, 34 (Wash. 1990). However, the application of attorney-client privilege and work product doctrine protection is severely limited in the context of a bad faith insurance claim. *Cedell v. Farmers Ins. Co. of Washington*, 295 P.2d 239, 246 (Wash. 2013). In this context, courts start from the "presumption that there is no attorney-client privilege relevant between the insured and the insurer in the claims adjusting process, and that the attorney-client and work product privileges are generally not relevant." *Id.* This is because, the "insured needs access to the insurer's file maintained for the insured in order to discover facts to support a claim of bad faith." *Id.* at 244–45. An insurer may only overcome the presumption of disclosure by showing that its "attorney was not engaged in the quasi-fiduciary tasks of investigating and evaluating or processing the claim, but instead in providing the insurer with counsel as to its own potential liability; for example, whether or not coverage exists under the law." *Cedell*, 295 P.2d at 245.

  Plaintiff's effort to compel the production of documents protected by attorney-client privilege suffers from several fatal defects. First, this action is not a "bad faith action," as defined by *Cedell*, because this Court has dismissed all the extracontractual claims asserted under Washington law, including the common law "bad faith claim." (*See generally* Dkt. No. 76.) Plaintiff contends otherwise, on the grounds that "the Court has not dismissed [Plaintiff's] common-law bad faith claim under **Alaska law**." (Dkt. No. 86 at 4.) (emphasis added). To the extent this is true, it is because Plaintiff did not plead a bad faith claim under Alaska law; the second claim for relief clearly cites only to "Washington law." (Dkt. No. 2-1 at 8.) If Plaintiff would like to amend their complaint to include common law claims under other states, such as Alaska, they are free to ask the Court for leave to amend under Federal Rule of Civil Procedure 15(a)(2). However, at the present, the Court will not read into the Complaint facts and claims

that have not been properly pled. *See Beck v. Interstate Brands Corp.*, 953 F.2d 1275, 1276 (11th Cir. 1992). Plaintiff's only remaining claim is for contract damages. (Dkt. No. 2-1 at 8.) Accordingly, *Cedell's* presumption of discoverability in bad faith lawsuits does not apply here.

Second, plausible claims of bad faith do not, standing alone, justify piercing the attorney-client privilege in Washington; there must be evidence of fraud. *See Leahy v. State Farm Mut. Auto. Ins. Co.*, 418 P.3d 175, 182 (Wash. 2018). Plaintiff's allegation of fraud relies on a single e-mail that Plaintiff argues represents a "knowing misrepresentation of fact." (Dkt. No. 86 at 7.) In this e-mail, Defendants' lead underwriter discussed the potential coverage for the claim at issue, stating "I have this one as a charters liability claim." (Dkt. No. 73-8 at 2.) The underwriter then explains the unique factors of the "coverage questions" at issue that make this claim particularly "challenging." (*Id*.) Plaintiff seeks to dress this e-mail as proof that Defendants knew they were required to provide coverage and that they subsequently misrepresented that fact in later communications. (Dkt. No. 86 at 7.) The Court disagrees with this characterization of events. At worst, this e-mail demonstrates that Defendants believed there *is likely* to be coverage but that they were still in the process of determining the scope of said coverage. (Dkt. No. 80 at 4.) This is consistent with their subsequent communications to Plaintiff. (*See* Dkt. Nos. 23-4; 23-6.)

Accordingly, Plaintiff has not offered evidence of fraud to justify piercing the attorney client privilege. *See Leahy*, 418 P.3d at 182.

C.   **Work Product**

Although Washington law applies to claims of attorney-client privilege, federal law applies to claims of work product protection. *Lexington Ins. Co. v. Swanson*, 240 F.R.D. 662, 666 (W.D. Wash. 2007). The work product doctrine provides qualified immunity to material

prepared "in anticipation of litigation" by a party or its representative. Fed. R. Civ. P. 26(b)(3)(A); *Hickman v. Taylor*, 329 U.S. 495, 512 (1947). This rule "protects trial preparation materials that reveal an attorney's strategy, intended lines of proof, evaluation of strengths and weaknesses, and inferences drawn from interviews." *Heath v. F/V ZOLOTOI*, 221 F.R.D. 545, 549 (W.D. Wash. 2004). The party asserting immunity under the work product doctrine bears the burden of showing that the withheld information was prepared in anticipation of litigation. *Id.* at 549. Materials protected by the work product doctrine "may be discoverable if . . . the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii).

Defendants allege that the documents in question are protected by the work product privilege from the time coverage counsel was retained in December 2020. (Dkt. No. 80 at 13.) The privilege log explains that the purpose of communicating with the coverage attorney was to determine the potential scope of liability. (*Id*. at 4.) Nothing in the record suggests that these documents and communications between Defendants and their "coverage counsel" are dual purpose,[1] or that Plaintiff has a substantial need for the documents. Accordingly, the documents are protected by the work product doctrine.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel production of documents (Dkt. No. 77) is DENIED.

//
//
//
//
//

---

[1] Documents that have a "dual purpose" are subject to different standard of protection. *See U.S. v. Richey*, 632 F.3d 559, 569 (9th Cir. 2011).

DATED this 16th day of May 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C21-0909-JCC
PAGE - 6